| | |
|---|---|
| ANGELA D. WALTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>AGRICULTURE AND CONSUMER SERVICES, )<br>and ROBERT N. BROGDEN, JR. )<br>)<br>Defendants. ) | **FIRST AMENDED COMPLAINT**<br>(Jury Trial Requested) |

NOW COMES Plaintiff Angela D. Walton ("Plaintiff"), complaining of Defendants North Carolina Department of Agriculture and Consumer Services ("DOA") and Robert N. Brogden, Jr. ("Brogden"), hereby amends her pleading as a matter of right pursuant to Fed. R. Civ. P. 15(a),[1] and alleges as follows:

## I. INTRODUCTION

1. This action is brought to remedy discrimination against the Plaintiff in the terms, conditions, and privileges of employment, and to recover damages suffered by Plaintiff as a

---

[1] Fed. R. Civ. P. 15(a)(1)(A) states: "A party may amend its pleadings once as a matter of course: … before being served with a responsive pleading; …" "A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a)." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (1993). If "the action involves more than one defendant, and not all defendants have filed responsive pleadings, the plaintiff may amend the complaint once as a matter of course with regard to those defendants that have not filed a responsive pleading." *Dominion Healthcare Services, Inc. v. Value Options, Inc*., 2009 WL 580326 (M.D.N.C. 2009) *2 (unpublished, copy attached). Defendant DOA has filed a motion to dismiss but not an answer. The amendments are made with regard to Defendant DOA.

result of sex discrimination, sex harassment, assault and battery, infliction of emotional distress, and violations of the North Carolina Constitution.

2.   This *Complaint* is brought under Title VII of the Civil Rights Act of 1964, as amended, as now set forth in 42 U.S.C. § 2000 *et seq*. and 42 U.S.C. § 1981a.

3.   This action includes North Carolina state law claims for assault and battery, infliction of emotional distress, and violations of the North Carolina Constitution.

4.   Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to 42 U.S.C. § 2000e(g), 42 U.S.C. § 1981a, and the laws and Constitution of North Carolina.

## II.  JURISDICTION AND VENUE

5.   Plaintiff timely filed a Charge of Discrimination against Defendant DOA with the Equal Employment Opportunity Commission ("EEOC") through the North Carolina Office of Administrative Hearings, Civil Rights Division ("OAH"), a State deferral agency, complaining of sexual harassment and sex discrimination.  The Charge was filed on October 10, 2007, within the 180-day jurisdictional limitation for investigation by the Civil Rights Division of the events that occurred in March 2007 and thereafter.  Plaintiff and her counsel periodically contacted OAH and the EEOC to inquire about the progress of her Charge, including, but not limited to, when the Right to Sue letter would be issued.  On March 26, 2009, OAH issued a *Notice of Determination*.  On April 9, 2009, OAH held a conciliation conference, which was unsuccessful. On or about April 13, 2009, 1 ½ years after Plaintiff filed a Charge and after Plaintiff's counsel requested a Right-to-Sue letter, the undersigned counsel received a letter from OAH (**Exhibit A**), which states:

> … you opted to request your Right-to-Sue.

> This letter constitutes the *Notice* required by Subsection 1601.25 of the EEOC Regulations which provides that deferral agencies shall notify a Respondent and Charging Party in writing when it determines that further conciliation efforts would be futile or non-productive. Therefore, this case is officially closed in the Civil Rights Division.

6. Out of an abundance of caution, that this letter (**Exhibit A**) could be construed as being a Right-to-Sue letter, the undersigned counsel filed this case. On or about September 17, 2009 (almost 2 years after Plaintiff filed her Charge), she received a Right to Sue Letter from the EEOC, a copy of which is attached hereto as **Exhibit B**. Plaintiff has complied fully with all jurisdiction requisites necessary to proceed in this court under Title VII.

7. Jurisdiction of the court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e5(f)(3).

8. Defendant DOA's primary office is located in Raleigh, Wake County, North Carolina. Venue lies in Wake County.

### III. PARTIES

9. Plaintiff Angela D. Walton is a citizen of Roseboro, Sampson County, North Carolina.

10. Defendant DOA is an agency of the State of North Carolina established pursuant to N.C. Gen. Stat. § 106-2 *et seq*. Upon information and belief, Defendant DOA has waived its sovereign immunity by its purchase of liability insurance.

11. Defendant Robert N. Brogden, Jr., upon information and belief, is 18 years of age or older and, upon information and belief, is not otherwise under legal disability, and is a citizen and resident of Mount Olive, Wayne County, North Carolina, and at all times pertinent to this *Complaint* was an employee of Defendant DOA.

## IV. STATEMENT OF FACTS

12. Upon information and belief, DOA employees over 1200 persons.

13. Defendant DOA's Research Stations Division operated through the unique partnership and cooperative efforts of the North Carolina Department of Agriculture & Consumer Services, North Carolina State University, North Carolina Agricultural & Technical State University, and the United States Department of Agriculture. Each station has unique climate and soil conditions, giving researchers a living laboratory to investigate a variety of area-specific crops, forestry, aquaculture, livestock, and poultry. The Division supports these studies by providing researchers with land, water, equipment, buildings and staff who work around the clock to help build a stronger foundation for the future of agriculture.

14. Each station's Research Superintendent reports to the Research Stations Division's Director. During the relevant time period, the Research Station-Clinton Division Director was Dr. Sandy Maddox (Female). The Research Station's Superintendent during the relevant time period was Robert N. Brogden, Jr. (Male), the individual Defendant.

15. Plaintiff began employment with Defendant DOA on or about August 1, 2001, as an Office Assistant IV in the Research Station located in Clinton, North Carolina ("the office").

16. Defendant Brogden was Plaintiff's immediate supervisor.

17. At all times relevant to this *Complaint*, Plaintiff was the only female in the office.

18. Plaintiff's primary job duty as Office Assistant IV was to assist Defendant Brogden in meeting the daily administrative responsibilities of the station and managing the office activities.

19. Defendant DOA's workplace harassment policy fails to include grievance procedures, grievance appeals, reporting plans, and prevention plans.

4

20. During the course of her employment, Plaintiff was repeatedly subjected to sexual harassment: Defendant Brogden repeatedly exposed and handled his penis in front of Plaintiff, repeated initiated unwanted discussions about his penis to Plaintiff, requested that Plaintiff touch his penis, and rubbed his genitals on Plaintiff's neck.

21. The harassment continued over a period of two (2) months and included:

    a. In late March 2007, Defendant Brogden approached Plaintiff at her desk and told her that he was in pain. When Plaintiff looked up from her desk, she noticed that Mr. Brogden's pants were unbuttoned and his penis was exposed. Mr. Brogden continued to complain about the pain while rubbing and pulling his penis. Plaintiff asked if she should call the doctor for him, and he said he was not going to a "damn doctor." Plaintiff tried to keep working and ignore Mr. Brogden, but he kept going back and forth from her desk to his office, each time with his penis exposed. Mr. Brogden continued to talk about his personal problems, so Plaintiff suggested since her sister worked in a doctor's office that maybe she could assist with helping him get a referral to someone who could help. Plaintiff called her sister who suggested he go to the emergency room.

    b. On this same day around 3:00 p.m., Defendant Brogden said he was not going on break because the other people in the office would see he had a problem. Defendant Brogden had his pants up but he kept rubbing himself. Plaintiff, while leaving for the day, told Wesley Hair (Male) Agriculture Research Technician what had happened.

    c. The next morning, at a time when only Plaintiff and Defendant Brogden were in the office, Defendant Brogden again exposed himself to Plaintiff. Defendant

Brogden rubbed himself, pulled on his penis and complained to Plaintiff that his penis was killing him.

d. At lunch time, Plaintiff told Mr. Warren and Mr. Mack Lewis (Male) Maintenance Mechanic IV that Defendant Brogden had exposed himself to her. Plaintiff asked Mr. Warren what she could do to stop Defendant Brogden. Mr. Warren said there was really nothing she could do except "put up with it or open up a can of worms." Plaintiff returned to her office and worked with Defendant Brogden exposing himself throughout the afternoon.

e. On Wednesday, April 4, 2007, when Plaintiff came into the office, Defendant Brogden said he had something for her. He gave her two photographs and told her they were photographs of his penis. Plaintiff taped the photos to her computer to show everyone in the office what she was being subjected to.

f. Defendant Brogden invited other employees into the office to look at the photograph. Upon information and belief, the photographs were destroyed by an agent of Defendant DOA.

g. In early May 2007, Defendant Brogden came up behind Plaintiff's chair while she was on break and rubbed his genitals on Plaintiff's neck. Willie Blackman (Male) Agriculture Research Assistant III and Milton Dixon (Male) Research Specialist witnessed this and asked Plaintiff about it. She told them she had tried to explain what was happening before but no one believed her.

h. On Tuesday, May 8, 2007, Defendant Brogden came behind Plaintiff's chair while she was on the computer and kept rubbing himself on the back of her arm, shoulder and back. He then sat on the counter near her desk, pulled his penis out

of his pants, walked up to her desk, pulled Plaintiff's left hand away from the adding machine and told her to touch and feel how hot and hard his penis was. Plaintiff jerked her arm and pushed Defendant Brogden away and said, "I am not touching you." Defendant Brogden turned red and walked off.

i. On this same day, Defendant Brogden walked into Mr. Milton Dixon's office with his penis exposed. Mr. Dixon said he was mad and his face was pale. He said "I know you have told us about this a lot. That was too close. I will cut if off."

j. On Wednesday, May 9, 2007, Plaintiff spoke to Mr. Warren about the situation again and was told the only thing she could do was put up with it or "open up a can of worms." Upon information and belief, Mr. Dixon also reported to Mr. Warren that he had been subjected to the same type of sexual harassment: Defendant Brogden had exposed his penis to Mr. Dixon as well.

22. The conduct described hereinabove adversely affected the terms, conditions and/or benefits of Plaintiff's employment.

23. On Wednesday, May 9, 2007, Plaintiff went to the home of Dr. Sandy Maddox (Female) Research Station Division Director to speak to her about what was going on at work. Plaintiff told her (1) that Defendant Brogden exposing his penis to her in the workplace and (2) how many times she had reported the incidents to Mr. Steve Warren. Dr. Maddox told Plaintiff that she would handle the situation and instructed her not to return to work on May 10 and 11, 2007.

24. On Monday, May 14, 2007, Plaintiff returned to work.

25. Upon information and belief, Defendant Brogden resigned on or about May 17, 2007.

7

26. On or about September 21, 2007, Defendant Brogden came back to the Research Station to visit other staff during the lunch hour. Although Plaintiff was not present during this time, she was told that Defendant Brogden had come by the facility.

27. On or about Friday, November 16, 2007, Plaintiff resigned her position at Defendants' Research Station to accept a position at another state agency.

28. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation.

29. As a further direct result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

## V. FIRST CLAIM FOR RELIEF

## TITLE VII SEX HARASSMENT AND DISCRIMINATION

### (Defendant DOA)

30. Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

31. Plaintiff is a member of a protected class, female.

32. Plaintiff was subjected to unwelcome sexual harassment by Defendant Brogden.

33. The harassment was based on Plaintiff's sex, female.

34. The harassment created a hostile work environment.

35. Plaintiff's workplace was permeated with discriminatory behavior that was sufficiently severe or pervasive enough to create a discriminatorily hostile and/or abusive work environment.

36. When Plaintiff complained to Supervisor Warren, he did nothing.

37. When Plaintiff complained to Supervisor Warren, he discouraged Plaintiff from making any further complaints.

38. Defendant DOA's workplace harassment policy fails to include grievance procedures, grievance appeals, reporting plans, and prevention plans.

39. The actions of Defendants constitute harassment and discrimination against Plaintiff on the basis of her gender.

40. Defendant DOA is liable to Plaintiff for the acts of its manager, Defendant Robert N. Brogden, Jr.

41. Defendant Brogden made unwelcome sexual advances toward Plaintiff and abused his position of authority as a DOA manager.

42. Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5(f) *et seq.* prohibits discriminatory treatment in employment on the basis of sex, sexual harassment and a hostile workplace environment.

43. The conduct and communication of Defendants, and its agents, representatives and employees, substantially interfered with the employment of Plaintiff and created an intimidating, hostile, and offensive work environment, in violation of 42 U.S.C. § 2000e-5(f) *et seq*.

9

Case 5:09-cv-00302-FL   Document 20   Filed 10/05/09   Page 9 of 18

44. Defendant's conduct further violated 42 U.S.C. § 2000e-5(f) *et seq*. in that:

    a. Defendant DOA failed to provide Plaintiff with employment conditions and relationships where she could safely work, free from verbal and physical sexual harassment;

    b. Defendant DOA failed to respond promptly and properly to Plaintiff's complaints of sexual harassment;

    c. Defendant DOA failed to take appropriate action when it knew or should have known of the sexual harassment and the hostile environment it had allowed; and

    d. Defendant DOA failed to implement and enforce an effective anti-sexual harassment policy for its management, staff and employees.

45. The actions of Defendant DOA as set forth herein constitute sex harassment and discrimination and in violation of the rights of Plaintiff secured by Title VII.

46. The actions of Defendant DOA constitute unlawful, intentional discrimination within the meaning of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

47. Defendant DOA engaged in discriminatory practices against Plaintiff with either malice or with reckless indifference to the federally protected rights of Plaintiff to be free from sexual discrimination and sexual harassment in the workplace, as set forth in 42 U.S.C. § 1981a(b)(1).

48. Plaintiff has suffered compensatory damages in an amount exceeding $10,000 as a proximate result of the conduct of Defendant DOA as alleged herein.

49. Plaintiff is entitled to recover reasonable attorneys' fees as necessary for the prosecution of this action.

10

Case 5:09-cv-00302-FL   Document 20   Filed 10/05/09   Page 10 of 18

## VI.  SECOND CLAIM FOR RELIEF:

## ASSAULT AND BATTERY

### (Defendants DOA and Brogden)

50. Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

51. Defendant Brogden's actions placed Plaintiff in reasonable apprehension of immediate harmful and offensive contact.

52. Defendant Brogden intentionally inflicted harmful and offensive contact upon Plaintiff's person without her consent by rubbing his genitals against her, and by grabbing her arm.

53. Defendant Brogden's touching of Plaintiff was unwanted, unwelcomed, and unsolicited.

54. As a result of the assaults and batteries by Defendant Brogden upon Plaintiff, Plaintiff was insulted, humiliated, and emotionally distressed.

55. In his assaults and batteries of Plaintiff, Defendant Brogden was a manager of DOA.  At all timed when Defendant Brogden assaulted and battered Plaintiff, Defendant Brogden was a DOA manager.

56. Defendant DOA is liable to Plaintiff for the acts of its manager, Defendant Brogden.  Defendants DOA and Brogden are jointly and severally liable for Brogden's assaults and batteries of Plaintiff.

57. Plaintiff is entitled to compensatory damages in an amount exceeding $10,000 as a proximate result of the assaults and batteries she suffered.

58. The assaults and batteries of Plaintiff were malicious and/or willful and wanton justifying an award of punitive damages against Defendant Brogden.

59. Plaintiff is entitled to punitive damages from Defendant Brogden for assaults and batteries in an amount greater than $10,000.

60. Defendant DOA and Defendant Brogden are jointly and severally liable for Defendants Brogden's assaults and batteries upon Plaintiff.

## VII. THIRD CLAIM FOR RELIEF:

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (Defendants DOA and Brogden)

61. Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

62. As a result of Defendant Brogden's repeatedly exposing and handling of his penis in front of Plaintiff, Plaintiff became ill and suffered anxiety, distress, and humiliation.

63. As a result of Defendant Brogden's repeatedly initiating unwanted discussions about his penis to Plaintiff, Plaintiff became ill and suffered anxiety, distress, and humiliation.

64. As a result of Defendant Brogden's requesting that Plaintiff touch his penis, Plaintiff became ill and suffered anxiety, distress, and humiliation.

65. As a result of Defendant Brogden's rubbing his genitals on Plaintiff's neck, Plaintiff became ill and suffered anxiety, distress, and humiliation.

66. As a result of Defendant DOA's failure to include grievance procedures, grievance appeals, reporting plans, and prevention plans in its harassment party, Plaintiff became ill and suffered anxiety, distress, and humiliation.

67. As a result of Defendant DOA's failure to timely respond to Plaintiff's complaints about Brogden, Plaintiff became ill and suffered anxiety, distress, and humiliation.

68. It was reasonably foreseeable that the direct and proximate result of Defendants' extreme and outrageous conduct as alleged herein would cause Plaintiff severe emotional distress.

69. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff became ill and suffered severe physical and emotional injury.

70. Defendants engaged in the extreme and outrageous conduct alleged herein with the intent to cause Plaintiff severe emotional distress.

71. Defendants engaged in the extreme and outrageous conduct alleged herein with reckless indifference to the likelihood that such conduct would cause Plaintiff severe emotional distress.

72. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff became ill and suffered severe physical and emotional injury.

## VIII. FOURTH CLAIM FOR RELIEF:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(Defendants DOA and Brogden)**

73. Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

74. It was reasonably foreseeable that the direct and proximate result of Defendants' extreme and outrageous conduct as alleged herein would cause Plaintiff severe emotional distress.

75. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff became ill and suffered severe physical and emotional injury.

## IX. FIFTH CLAIM FOR RELIEF:

## CONSTITUTIONAL VIOLATIONS

## (Defendant DOA)

76. Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

77. The North Carolina State Constitution, Article I, Section 1, *The equality and rights of persons*, states:

> We hold it to be self-evident that all persons are created equal; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty, the enjoyment of the fruits of their own labor, and the pursuit of happiness.

78. Defendant DOA has violated Plaintiff's rights under the North Carolina State Constitution, Article I, Section 1, because Plaintiff has been deprived of a liberty interest and privilege in working in an environment free from abuse and/or psychological harm as alleged in this *Complaint*.

79. The North Carolina State Constitution, Article I, Section 19, *Law of the land; equal protection of the laws*, states:

> No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin.

80. Defendant DOA has violated Plaintiff's rights under the North Carolina State Constitution, Article I, Section 19, because Plaintiff has been deprived of a liberty interest and

privilege in working in an environment free from abuse and/or psychological harm as alleged in this Complaint.

81. The Supreme Court of North Carolina held in *Corum v. University of North Carolina*, 330 N.C. 761, 782, 413 S.E.2d 276, 289, *cert. denied*, 506 U.S. 985, 113 S.Ct. 493, 121 L.Ed.2d 431 (1992):

> in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.

82. The Supreme Court of North Carolina held in *Craig v. New Hanover County Board of Educ.*, 363 N.C. 334, 340, 678 S.E.2d 351, 355 (2009):

> as we held in *Corum*, plaintiff may move forward [plead] in the alternative, bringing his colorable claims [against New Hanover County] directly under our State Constitution based on the same facts that formed the basis for his common law negligence claim.

83. Plaintiff's claims under the Constitution of North Carolina are plead as an alternative remedy, should the court find that sovereign immunity or governmental immunity in any of its various forms exists and, if it does exist (which Plaintiff denies), then, in that event, Plaintiffs shall have no adequate remedy at law and assert the above stated provisions of the Constitution of North Carolina.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That all issues of fact raised by this pleading be tried by a jury.

2. That the Court declare that the acts and practices complained of herein are in violation of Title VII of the 1964 Civil Rights Act and North Carolina law.

3. That Plaintiff have and recover of Defendant DOA for sexual discrimination and harassment in violation of Title VII of the 1964 Civil Rights Act, compensatory damages in an amount exceeding $10,000.

4. That Plaintiff have and recover of Defendants, jointly and severally, for assault and battery, compensatory damages in an amount exceeding $10,000.

5. That Plaintiff have and recover of Defendant Brogden for assault and battery, punitive damages in an amount exceeding $10,000.

6. That Plaintiff have and recover of Defendant DOA for intentional infliction of emotional distress, compensatory damages in an amount exceeding $10,000.

7. That Plaintiff have and recover of Defendant DOA for negligent infliction of emotional distress, compensatory damages in an amount exceeding $10,000.

8. That Plaintiff have and recover of Defendant DOA for violations of Plaintiff's rights protected by the North Carolina Constitution, compensatory damages in an amount exceeding $10,000.

9. That the Court award Plaintiff reasonable attorney's fees as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e(6)(k) and by North Carolina law.

10. That the Court direct Defendants to pay Plaintiff such interest as may be allowed by law.

11. That the costs of this suit be taxed against Defendants.

12. That the Court order such other and further relief as may be just, proper, and necessary to afford complete relief to Plaintiff.

Respectfully submitted, this the 5th day of October, 2009.

                DAUGHTRY, WOODARD, LAWRENCE & STARLING

By: /s/ Luther D. (Lew) Starling, Jr.
     Luther D. (Lew) Starling, Jr. (NCSB #17603)
     N. Leo Daughtry (NCSB #1086)
     Kelly K. Daughtry (NCSB #22010)
     405 East Market Street
     Smithfield, North Carolina 27577
     Telephone: (919) 934-5012
     Facsimile: (919) 934-9536
     SCHILLER & SCHILLER, PLLC

By: /s/ Marvin Schiller
     Marvin Schiller (NCSB # 6838)

     /s/ David G. Schiller
     David G. Schiller (NCSB # 26713)
     Professional Park at Pleasant Valley
     5540 Munford Road, Suite 101
     Raleigh, North Carolina 27612
     Telephone: (919) 789-4677
     Facsimile: (919) 789-4469

     Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has served a copy of the foregoing **FIRST AMENDED COMPLAINT** on the following counsel via the CM/ECF system:

    Ms. Anne J. Brown
    Special Deputy Attorney General
    Mr. John R. Corne
    Associate Counsel
    North Carolina Department of Justice
    Post Office Box 629
    Raleigh, NC 27602-0629

    Ms. Joy Rhyne Webb
    Merritt, Flebotte, Wilson, Webb & Caruso, PLLC
    Post Office Box 2247
    Durham, NC 27702

This the 5th day of October, 2009.

                                    /s/ David G. Schiller
                                    David G. Schiller