IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. : 5:09-CV-302-FL

| | | |
|---|---|---|
| ANGELA D. WALTON, | ) | **PLAINTIFF'S** |
| | ) | **MEMORANDUM OF LAW** |
| Plaintiff, | ) | **IN RESPONSE TO** |
| | ) | |
| v. | ) | **DEFENDANT DEPARTMENT OF** |
| | ) | **AGRICULTURE AND** |
| NORTH CAROLINA DEPARTMENT OF | ) | **CONSUMER SERVICES'** |
| AGRICULTURE AND CONSUMER SERVICES, | ) | **MOTION TO DISMISS ALL** |
| and ROBERT N. BROGDEN, JR. | ) | **SUPPLEMENTAL STATE** |
| | ) | **CLAIMS SET FORTH IN** |
| Defendants. | ) | **PLAINTIFF'S AMENDED** |
| | ) | **COMPLAINT (DOC. # 23)** |

Defendant North Carolina Department of Agriculture and Consumer Services ("Defendant DOA") has moved to dismiss Plaintiff's state law claims state in the *First Amended Complaint* on the purported grounds that:

1. The Eleventh Amendment to the United States Constitution and sovereign immunity bar tort claims brought against the State; and

2. Plaintiff's remedies under the Tort Claims Act, N.C. Gen. Stat. §§ 143-291 to 300.1, bar Plaintiff's claims brought under the North Carolina Constitution.

Defendant DOA waived its Eleventh Amendment defense by removing this case to federal court. Plaintiff has sufficiently alleged that Defendant DOA waived sovereign immunity by purchasing liability insurance. The Tort Claims Act does not apply to intentional torts and does not provide Plaintiff with an adequate remedy. Defendant DOA's *Motion To Dismiss* should be denied.

**1. Defendant DOA waived its Eleventh Amendment defense by removing this case to federal court.**

Defendant DOA again argues that Plaintiff's state law claims are barred by the Eleventh Amendment. Defendant DOA's *Memorandum of Law* (Doc. # 24) 8-9. Defendant DOA removed this case to federal court and thereby waived any claim to sovereign immunity under the Eleventh Amendment that it may have had. *See Lapides v. Board of Regents*, 535 U.S. 613, 622-24, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (concluding that the state's removal of a case to federal court amounted to a waiver of the state's Eleventh Amendment immunity as to the state-law claims asserted against the state). Defendant DOA's assertion of Eleventh Amendment immunity as a basis for dismissing this case should be rejected.

Defendant DOA has been aware of the *Lapides* case since Plaintiff filed *Plaintiff's Memorandum Of Law In Response To Defendant Department Of Agriculture And Consumer Services' Motion To Dismiss* (Sept. 17, 2009) (Doc. # 19). Defendant DOA's *Memorandum of Law* fails to acknowledge, much less address, *Lapides* in any way.

Defendant DOA also asserts that sovereign immunity bars Plaintiff's state law claims. Defendant DOA's *Memorandum of Law* (Doc. # 24) 7. The North Carolina Court of Appeals has held the following:

> "It [is] well-settled that when an action is brought against individual officers in their official capacities the action is one against the state for the purposes of applying the doctrine of sovereign immunity." *Whitaker v. Clark*, 109 N.C. App. 379, 381-82, 427 S.E.2d 142, 143-44 (1993). This doctrine applies where an entity is being sued for the performance of a governmental function. *Tabor v. County of Orange*, 156 N.C.App. 88, 90, 575 S.E.2d 540, 542 (2003). "It is ***inapplicable***, however, where the state has consented to suit or has ***waived its immunity through the purchase of liability insurance***." *Id*.

*Kitchin ex rel. Kitchin v. Halifax County, rev. denied*, 363 N.C. 127, 673 S.E.2d 135 (2009) (emphasis added); *But see Wood v. North Carolina State University*, 147 N.C.App. 336, 556

S.E.2d 38 (2001), *rev. denied*, 355 N.C. 292, 561 S.E.2d 887 (2002) ("we have found no opinion in which the issue of whether the State waives its sovereign immunity by purchasing liability insurance was squarely confronted and decided.").

Plaintiff's *First Amended Complaint* ¶ 10 states:

> Defendant DOA is an agency of the State of North Carolina established pursuant to N.C. Gen. Stat. § 106-2 et seq. Upon information and belief, Defendant DOA has waived its sovereign immunity by its purchase of liability insurance.

Plaintiff has sufficiently pled that Defendant DOA has waived sovereign immunity by its purchase of liability insurance. This is a question of fact for discovery and is not an appropriate basis for dismissing Plaintiff's state law claims.

2. **Plaintiff has properly pleaded a claim for relief under the North Carolina Constitution, and Plaintiff has no other adequate state law remedy.**

Defendant DOA contends that Plaintiff's claim under the North Carolina Constitution is barred because Plaintiff purportedly has an adequate state law remedy:

> The North Carolina Tort Claims Act ("Tort Claims Act"), N.C. Gen. Stat. § 143-291 *et seq.*, provides an adequate state remedy for all of plaintiff's supplemental state claims of assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Defendant DOA's *Memorandum of Law* (Doc. # 24) 11.

Defendant DOA statement is simply incorrect. The Tort Claims Act "allows a suit against the State only for *ordinary negligence* …" *Collins v. North Carolina Parole Comm'n*, 118 N.C.App. 544, 548, 456 S.E.2d 333, 336 (1995) *modified on other grounds*, 344 N.C. 179, 473 S.E.2d 1 (1996) (emphasis added). The "Tort Claims Act does *not* give the Industrial Commission jurisdiction to award damages based on *intentional acts*." *Collins v. North Carolina Parole Comm'n*, 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996) (emphasis added). The causes of action assault and battery and intentional infliction of emotional distress are intentional torts.

3

The Industrial Commission does not have jurisdiction over those intentional tort claims. Hence, the Tort Claims Act does not provide Plaintiff with an adequate state remedy for her assault and battery and intentional infliction of emotional distress claims.

In "the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under [the North Carolina] Constitution." *Corum v. University of North Carolina*, 330 N.C. 761, 782, 413 S.E.2d 276, 289, cert. denied, 506 U.S. 985, 113 S.Ct. 493, 121 L.Ed.2d 431 (1992). Plaintiff does not have an adequate state remedy. Therefore, Plaintiff has a direct claim against Defendant DOA under the North Carolina Constitution.

"An adequate state remedy exists if, assuming the plaintiff's claim is successful, the remedy would compensate the plaintiff for the *same injury* alleged in the direct constitutional claim." *Estate of Fennell v. Stephenson*, 137 N.C. App. 430, 437, 528 S.E.2d 911, 915-16, *rev'd on other grounds*, 354 N.C. 327, 332, 554 S.E.2d 629, 632 (2001) (emphasis in original). The Tort Claims Act does not provide compensation Plaintiff for her injuries caused by the *same injury* alleged in the direct constitutional claim. "Plaintiff has been deprived of a liberty interest and privilege in working in an environment free from abuse and/or psychological harm as alleged in this Complaint." *First Amended Complaint* ¶ 78, 80. The abuse and/or psychological harm stem from the intentional torts of assault and battery and intentional infliction of emotional distress. The causes of action assault and battery, intentional infliction of emotional distress are intentional torts. The Industrial Commission does not have jurisdiction over those intentional tort claims.

4

Moreover, the Tort Claims Act does not appear to apply to cases arising out of the employer-employee relationship. The undersigned's review of the Tort Claims Act statutory annotations and other resources has failed to turn up a single case in which the Plaintiff was a State employee.

Defendant DOA's *Motion To Dismiss* should be denied.

Respectfully submitted, this the 16th day of November, 2009.

        DAUGHTRY, WOODARD, LAWRENCE & STARLING

By: /s/ Luther D. (Lew) Starling, Jr.
     Luther D. (Lew) Starling, Jr. (NCSB #17603)
     N. Leo Daughtry (NCSB #1086)
     Kelly K. Daughtry (NCSB #22010)
     405 East Market Street
     Smithfield, North Carolina 27577
     Telephone: (919) 934-5012
     Facsimile: (919) 934-9536

        SCHILLER & SCHILLER, PLLC

By: /s/ David G. Schiller
     Marvin Schiller (NCSB # 6838)
     David G. Schiller (NCSB # 26713)
     Professional Park at Pleasant Valley
     5540 Munford Road, Suite 101
     Raleigh, North Carolina 27612
     Telephone: (919) 789-4677
     Facsimile: (919) 789-4469

     Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO <u>DEFENDANT DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES' MOTION TO DISMISS ALL SUPPLEMENTAL STATE CLAIMS SET FORTH IN PLAINTIFF'S AMENDED COMPLAINT (DOC. # 23)</u>** on the following counsel via the CM/ECF system:

> Ms. Anne J. Brown
> Special Deputy Attorney General
> Mr. John R. Corne
> Associate Counsel
> North Carolina Department of Justice
> Post Office Box 629
> Raleigh, NC 27602-0629
>
> Ms. Joy Rhyne Webb
> Merritt, Flebotte, Wilson, Webb & Caruso, PLLC
> 2525 Meridian Parkway, Suite 300
> Durham, NC 27713

This the 16th day of November, 2009.

/s/ David G. Schiller
David G. Schiller