IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-302-FL

| ANGELA D. WALTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and ROBERT N. BROGDEN, JR., | ) | |
| Defendants. | ) | |

This matter comes before the court on a number of pending motions. Specifically, before the court is plaintiff's motion to compel (DE # 65), plaintiff's motion for extension of time to complete discovery (DE # 66), defendants' motion for extension of time to file dispositive motions (DE # 67), and plaintiff's motion for extension of time to file response to four various motions (DE # 82). These matters are ripe for adjudication. For the reasons that follow, plaintiff's motion to compel and plaintiff's motion for extension of time to complete discovery are denied. Defendants' motion for extension of time to file dispositive motions, and plaintiff's motion for extension of time to file responses are granted in part.

BACKGROUND

On March 11, 2011, the court granted motion by defendant North Carolina Department of Agriculture and Consumer Services ("the Department") and directed plaintiff to submit to two mental examinations. The court noted that the discovery period closed on February 21, 2011, but observed that the Department's motion was filed before the close of discovery. Per the court's order,

the examinations were to take place no later than April 10, 2011. The Department was then required to provide the expert's reports no later than April 20, 2011. Because the discovery period had closed, the court ordered that, if plaintiff desired opportunity to depose the examining experts, plaintiff was required to signal this by filing a request with the court within ten days of receiving the expert reports.

In the court's order dated May 19, 2011, no request for depositions having been made by plaintiff, the court deemed the discovery period concluded. The court set a dispositive motions deadline of June 18, 2011, and set the matter for trial for the civil term of court beginning October 17, 2011.

## DISCUSSION

A. Plaintiff's Motion to Compel

On June 14, 2011, nearly a month after the court entered its order, and only four days before the expiration of the dispositive motions deadline, plaintiff filed motion to compel seeking an order requiring the Department and its examining expert, Dr. Ginger Calloway ("Dr. Calloway"), to produce copies of psychological testing materials related to plaintiff's mental examination. The Department has already produced Dr. Calloway's written report of the psychological examination as well as various other documents either provided to or generated by Dr. Calloway in preparation for or the conduct of the examination. The materials now sought by plaintiff are the actual testing materials themselves. The Department does not oppose plaintiff's motion.

At the request of the court, Dr. Calloway filed a statement explaining her refusal to produce the documents, which statement has been taken into the record in supplement to the Department's response. Therein, Dr. Calloway explained that she is ethically and legally unable to provide the

2

materials without a court order directing her to disclose them and setting forth specific requirements for their protection. Ethically, Dr. Calloway is discouraged from releasing the materials by the American Psychological Association, which promulgates ethical standards governing the security of testing materials. Dr. Calloway explains that the release of the test materials in the public domain could ultimately invalidate the purposes for which the tests were developed and could undermine their usefulness. Legally, Dr. Calloway is unable to disclose the raw testing materials due to her contractual agreement with the publishers of these tests, which are proprietary and are protected by copyright and trade secret law. The materials are distributed only for use by qualified professional practitioners, who are prohibited from producing the testing materials without a court order.

The principles governing the issuance of protective orders are instructive. Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Similarly, Rule 45 requires that the court quash a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). Additionally, Rule 45 permits a court to quash a subpoena if it requires a person to disclose "a trade secret or other confidential research, development, or commercial information." Fed.R.Civ.P. 45(c)(3)(B)(i).

With these principles in mind, the court determines that plaintiff's motion to compel should be denied. Plaintiff would require Dr. Calloway to disclose privileged or protected materials which would impose on Dr. Calloway an undue burden by requiring her to violate ethical and contractual obligations. Further, the testing materials are commercial information. Dr. Calloway shall not be required to produce copies of the psychological testing materials. See Collins v. TIAA-CREF, No.

3

3:06CV304-C, 2008 WL 3981462, *5 (W.D.N.C. Aug. 22, 2008) (similarly denying plaintiff's request that psychologist provide copies of proprietary psychological testing materials, due to undue burden on psychologist's ethical and contractual obligations). Plaintiff's motion to compel is DENIED.

B.  Plaintiff's Motion for Extension of Time to Complete Discovery

Also on June 14, 2011, again nearly a month after the court entered its order, and only four days before the expiration of the dispositive motions deadline, plaintiff filed a motion seeking an extension of time to take the experts' depositions until July 29, 2011. Therein, counsel informs that he was unable to coordinate with defense counsel a mutually agreeable time for the conduct of the depositions during the few weeks following receipt of the experts' reports on April 20, 2011. Counsel concedes that he should have raised issue with the court sooner, but that various personal matters prevented him from promptly addressing the matter.

The Department opposes the request for extension, informing that counsel for both sides did attempt to coordinate schedules during the last week of April and first week of May, but after a mutually agreeable date was not quickly determined, plaintiff's counsel ceased communication with defense counsel for thirty (30) days. The Department asserts that it would be prejudiced if the deadline were extended, as it has already submitted its motion for summary judgment in reliance on the court's May 19, 2011, order deeming the discovery period closed.

Rule 16 of the Federal Rules of Civil Procedure provides that a case schedule "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "The touchstone of good cause is diligence . . . the court may modify the schedule on a showing if good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

4

Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W.Va. 1995) "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

Plaintiff did not comply with the court's March 11, 2011, order, which required any request for depositions to be filed with the court by April 30, 2011. Even after the court on May 19, 2011, declared that the discovery period was closed, plaintiff did not come forward with her request until twenty-six (26) days later, when the instant motion for extension of time was filed, which was a full forty-five (45) days after plaintiff was required to have made her request.

Here, plaintiff offers no satisfactory explanation as to why she failed to make her request with the court by the April 30, 2011, deadline, or why she waited to make her request until almost a month after the court declared the discovery period closed. Plaintiff's counsel, David Schiller, who filed the motion for extension, explains that he neglected the deadline due to compelling personal reasons. The court notes, however, that plaintiff has more than one counsel of record, and plaintiff offers no explanation as to why her other attorneys could not timely have made the request. Ultimately, it has not been shown that plaintiff put forth diligent effort and that the court's deadlines could not reasonably be met.

Based on these facts, and in the context of this case that presents other issues of plaintiff's lateness as discussed below, the court can conclude only that the court's schedule was carelessly disregarded due to lack of diligence. Plaintiff's motion for extension of time to complete discovery is accordingly DENIED.

C.  Defendants' Joint Motion for Extension of Time to File Dispositive Motions

Defendants move for a brief extension of time within which to file dispositive motions. As set in previous order, the deadline for submission of such motions was June 18, 2011, a Saturday.

5

On June 17, 2011, defendants jointly moved for an extension to file until Monday, June 20, 2011, due to various personal and professional obligations. Each defendant then filed a motion for summary judgment on June 20, 2011. Good cause having been shown, and plaintiff's consent to this forty-eight (48) hour extension having been demonstrated, defendants' joint motion for extension of time to file dispositive motions is GRANTED, and the deadline is extended to June 20, 2011.

D.   Plaintiff's Motion for Extension of Time to File Responses

On July 11, 2011, plaintiff filed motion seeking extension of time within which to file responses to four motions made by defendants due to personal and professional obligations. Specifically, plaintiff seeks an extension of time to file responses to defendants' motions for summary judgment, which were filed June 20, 2011, and to which plaintiff's responses are due July 14, 2011. Additionally, plaintiff seeks an extension of time to file responses to defendants' motions to exclude testimony of plaintiff's experts, which were also filed June 20, 2011, and to which plaintiff's responses were due July 8, 2011. Plaintiff seeks an extension of time until August 11, 2011, to respond to these motions.

Plaintiff's motion is deficient in that it does not show prior consultation with opposing counsel as required by Local Civil Rule 6.1, and also appears substantively incomplete as it concludes on the first page with a dangling sentence. Further, plaintiff's motion was filed three days after the deadline within which to respond to two of the four motions had already passed.

Unlike plaintiff's request to reopen the discovery period, however, plaintiff's requested extensions of time for the filing of these responses will not have a drastic effect on the administration of this case. For this reason, notwithstanding the scarcity of good cause, where, again, plaintiff appears to have failed to attend properly to the case, plaintiff's motion for extension of time is

6

GRANTED. The court finds, however, that plaintiff's proposed August 11, 2011, deadline is excessive under the facts and circumstances at issue, and cabins the relief accordingly. Plaintiff shall file her responses to defendants' motions for summary judgment (DE ## 70, 74), and defendants' motions to exclude testimony of plaintiff's experts (DE ## 72, 73) within **two weeks** from date of entry of this order.

E.   Trial Setting Postponed

Multiple extensions of time now having been granted by the court, coupled with the press of the court's criminal docket[1], warrant revisiting the trial date, where this matter is currently set for trial October 17, 2011. Accordingly, the court removes this civil matter from the October calendar and now sets this matter for trial in the civil term of court that begins **January 17, 2012**, at the United States Courthouse in New Bern. If any party has a compelling personal or professional reason why such a trial date is not feasible, provide notice to court within **two weeks** of date of entry of this order.

CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (DE # 65) and plaintiff's motion for extension of time to complete discovery (DE # 66) are DENIED. Defendants' joint motion for extension of time to file dispositive motions (DE # 67) and plaintiff's motion for extension of time to file responses (DE # 82) are GRANTED. The trial setting in this matter is moved to that civil

---

[1] The court has set an estimated eight-week criminal trial to begin September 19, 2011, involving a complex multi-defendant conspiracy raising issues of national security, which case has been given special setting.

term of court commencing **January 17, 2012.**

SO ORDERED, this the 14th day of July, 2011.

                                                LOUISE W. FLANAGAN
                                                Chief United States District Court Judge