IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-302-FL

| | | |
|---|---|---|
| ANGELA D. WALTON, Plaintiff, | ) | |
| v. | ) | ORDER |
| NORTH CAROLINA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and ROBERT N. BROGDEN, JR., Defendants. | ) | |

This matter comes before the court on motions of Robert N. Brogden, Jr. ("Brogden") (DE # 70) and North Carolina Department of Agriculture and Consumer Services ("NCDOA") (DE # 74) for summary judgment. Also before the court are Brogden's and NCDOA's motions to exclude testimony (DE ## 72, 73). These matters are ripe for adjudication.

**STATEMENT OF THE CASE**

On June 1, 2009, plaintiff filed the instant action in Wake County Superior Court, claiming assault and battery against both defendants and violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., against NCDOA. On July 2, 2009, defendants removed the action to this court. Thereafter, Brogden filed answer. NCDOA responded with motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted.

Plaintiff filed amended complaint on October 5, 2009, wherein she withdrew any claim for punitive damages against NCDOA. However, she added claims of intentional and negligent

infliction of emotional distress against both defendants, and, in the alternative, a claim against NCDOA for violation of the North Carolina constitution. On October 19, 2009, NCDOA moved to dismiss plaintiff's supplemental state claims.

Brogden moved in response to the amended complaint to strike these allegations because plaintiff had not sought leave of court. On November 17, 2009, plaintiff moved for leave to amend her amended complaint. On November 23, 2009, NCDOA partially withdrew its first motion to dismiss as it pertained to plaintiff's sexual harassment claim.

On February 17, 2010, the court entered order granting plaintiff's motion to amend the amended complaint. The court also dismissed plaintiff's assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and state constitutional claims against NCDOA. Plaintiff's Title VII claim against NCDOA and state tort claims against Brogden remained pending.

Brogden answered plaintiff's second amended complaint on March 2, 2010, and NCDOA answered on March 23, 2010. On June 20, 2011, defendants filed motions for summary judgment and to exclude testimony of plaintiff's proposed expert witnesses. Plaintiff responded on August 8, 2011. Brogden replied on August 22, 2011. NCDOA replied on August 23, 2011.

## STATEMENT OF FACTS

Angela D. Walton ("plaintiff") began employment with NCDOA on or about August 1, 2001, as Office Assistant IV in the NCDOA Horticultural Crops Research Station in Clinton, North Carolina (the "Research Station"). Brogden, Research Station Superintendent, was plaintiff's

immediate supervisor.[1] Dr. Sandy Maddox was Division Director of the Research Station and supervised Brogden.

On November 3, 2004, plaintiff attended a course at NCDOA's Cherry Research Station in Goldsboro, North Carolina, on sexual harassment in the workplace and NCDOA's policies related thereto.[2] The course was conducted by Pamela Taylor, Employee Relations Director, and Linda Jefferson, a then management official, both of NCDOA Human Resources. The presenters defined unlawful workplace harassment, detailed NCDOA policy, and discussed grievance procedures. Attendees were instructed to report any sexual harassment to Human Resources within thirty calendar days of the misconduct. In the alternative, employees could file complaints directly with the Office of Administrative Hearings and/or the Equal Employment Opportunity Commission.

Based on the record before the court, the Research Station was a crude work environment where sexual comments abounded. The relevant conduct here first began in March, 2007. Plaintiff claims that Brogden exposed his penis to her repeatedly for two months, rubbed his clothed genitals against her shoulder, and took plaintiff's hand and asked her to feel how hot his penis was. Brogden maintains that he suffered from involuntary erections, due in part to a vasectomy procedure. However, Brogden denies exposing his penis to plaintiff and denies ever touching her.

After about the second time Brogden exposed himself to plaintiff, she told Steven Warren,

---

[1] Plaintiff and Brogden identify Brogden as the Research Station's Superintendent. NCDOA designates him Research Operations Manager. Nonetheless, all agree that Brodgen was plaintiff's immediate supervisor.

[2] Brogden attended a similar course on January 6, 2000.

another employee at the farm.[3] Warren discouraged plaintiff from further pursuing her complaint. Plaintiff also told J. Mack Lewis, a maintenance mechanic, and Milton Sonny Dixon, a research technician. Again, no one helped. Finally, on May 9, 2007, plaintiff went to Dr. Maddox's house and informed her of Brogden's conduct. Dr. Maddox told plaintiff to take several days off from work. Dr. Maddox then confronted Brogden and informed him that if he resigned, further investigation would cease. Brogden resigned on or about May 17, 2007.

Plaintiff returned to work on May 14, 2007. But she felt ostracized at NCDOA, resigned on November 16, 2007, and accepted a position at another state agency.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In determining whether a genuine issue of material fact exists for trial, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on this motion. Id. at 248-49.

[3] Plaintiff maintains the Warren was the supervisor of the farm. However, the organizational chart for the Research Station designates Warren as Research Specialist.

B. NCDOA's Affirmative Defense

Title VII of the Civil Rights Act of 1964 states: "It shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." Meritor v. Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). To prevail on a Title VII hostile work environment claim, plaintiff must establish four elements: (1) unwelcome conduct; (2) based on plaintiff's gender; (3) sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment; and (4) some basis for imputing the liability to plaintiff's employer, NCDOA. Matvia v. Bald Head Island Management, Inc., 259 F.3d 261, 266 (4th Cir. 2001).

If plaintiff establishes the above elements, the employer may raise an affirmative defense if no tangible employment action was taken against the employee. Id. (citing Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998) and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998)). The Faragher / Ellerth defense requires the employer to establish: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." Matvia, 259 F.3d at 266-67.

For present purposes, the court assumes *arguendo* that plaintiff may establish the four elements necessary to prevail on a Title VII hostile work environment claim. Here, plaintiff does

not allege that NCDOA took tangible employment action against her. Therefore, the court determines below whether NCDOA has established the two elements of the Faragher / Ellerth defense.

1. NCDOA Exercised Reasonable Care in Preventing Sexually Harassing Behavior.

An employer's dissemination of an effective anti-harassment policy provides compelling proof that the employer exercised reasonable care in preventing and promptly correcting sexual harassment. Matvia, 259 F.3d at 268; Swann v. Source One Staffing Solutions, 778 F. Supp. 2d 611, 620 (E.D.N.C. 2011). An employee may rebut such proof by showing that "the employer adopted or administered an anti-harassment policy in bad faith or that the policy was otherwise defective or dysfunctional." Barrett v. Applied Radiant Energy Corp., 240 F.3d 262, 266 (4th Cir. 2001).

Here, the facts establish that on November 3, 2004, plaintiff attended a course, conducted by NCDOA human resources, on preventing and correcting sexual harassment in the work place. There, human resources officials defined sexual harassment, gave examples of prohibited conduct, and instructed attendees that victims of harassment should "[s]ubmit written complaint within 30 calendar days of alleged harassing action to Human Resources." Taylor Aff. ¶ 9.

In addition, during the period in which the harassment allegedly occurred, NCDOA kept posted in the employee break room a policy entitled, "North Carolina Department of Agriculture and Consumer Services, Disciplinary and Dismissal Policy, Grievance Policy and Procedures Including Unlawful Workplace Harassment Procedures" ("grievance policy"). NCDOA's Mot. for Summ. J., Ex. 3. This policy, which plaintiff posted, gave employees who had suffered sexual harassment the choice of either proceeding first through the department's internal process or proceeding directly to the State Personnel Commission. Id. at 20. The document further instructed:

> An employee who alleges unlawful workplace harassment and elects to utilize the agency's grievance procedure has 30 calendar days from the date of the harassing action in which to file an unlawful workplace harassment complaint.
>
> If the employee chooses to begin with the agency grievance procedure, he/she must submit a signed and dated Grievant's Statement of Appeal form to the Human Resources (HR) Director. The form must be received by the HR Director within 30 calendar days of the practice or act being grieved. A faxed or e-mail form is acceptable, as long as it is received by the deadline to file.

Id. at 21.

Plaintiff responds that NCDOA's sexual harassment training and posting of its grievance policy did not amount to reasonable care to prevent sexual harassment. Plaintiff argues that NCDOA did not make sufficiently clear to whom employees should report misconduct. In support, plaintiff references the deposition testimony of two co-workers whom plaintiff consulted following Brogden's alleged misconduct: Steve Warren ("Warren") and Sonny Dixon ("Dixon"). Both testified in deposition that they didn't know the proper recipient of sexual harassment complaints.

The court holds that NCDOA exercised reasonable care to prevent sexually harassing behavior. First, NCDOA disseminated a grievance policy that stated a procedure for bringing harassment complaints. This alone is "compelling proof" that NCDOA exercised reasonable care. Barrett, 240 F.3d at 266. Furthermore, NCDOA conducted training sessions, which both plaintiff and Brogden attended, to instruct employees of their rights, define sexual harassment, and reinforce the grievance procedure. Additionally, employees were informed in the training section and in the written grievance policy that NCDOA forbad retaliation against an employee for reporting harassment. Finally, NCDOA's grievance policy instructed employees to report harassment to Human Resources, the Office of Administrative Hearings, and/or the Equal Employment

Opportunity Commission. Therefore, plaintiff had a channel of complaint by which she could bypass Brogden, her immediate supervisor.

2. NCDOA Exercised Reasonable Care in Promptly Correcting Sexually Harassing Behavior.

Plaintiff also argues that NCDOA, after learning of plaintiff's allegations, failed to promptly correct Brogden's sexually harassing behavior. In support, plaintiff notes that when she notified Warren of Brogden's behavior, Warren discouraged plaintiff from reporting the harassment. Plaintiff further alleges that Warren supervised ten employees at the Research Station and therefore was a proper person to consult. However, the record clarifies that Warren did not have supervisory authority over either plaintiff or Brodgen. When plaintiff told Warren of the harassment, she merely informed a co-worker, not NCDOA. See Barrett, 240 F.3d at 264-65 (finding that plaintiff unreasonably failed to take advantage of corrective opportunities, even though plaintiff reported the offender's misconduct to "at least seven other [co-workers], the CEO's son, a counselor, a police officer, and two lawyers."); Dowdy v. North Carolina, 23 Fed App'x 121, 124 (4th Cir. 2001).

Plaintiff never informed NCDOA Human Resources about Brogden's alleged misconduct, as instructed by the grievance policy. Nonetheless, when she informed Dr. Maddox, Brogden's immediate supervisor, Dr. Maddox took immediate action in convincing Brogden to resign. Accordingly, NCDOA exercised reasonable care in promptly correcting Brogden's alleged sexually harassing behavior.

3. Plaintiff Unreasonably Failed to Take Advantage of any Preventative or Corrective Opportunities Provided by NCDOA or to Avoid Harm Otherwise.

The second element of the Faragher / Ellerth affirmative defense requires defendant to establish "that the plaintiff employee unreasonably failed to take advantage of any preventative or

corrective opportunities provided by the employer or to avoid harm otherwise." Matvia, 259 F.3d at 266-67. Here, NCDOA contends that plaintiff, in failing to report Brogden's alleged misconduct to either NCDOA Human Resources or to Brogden's supervisor, Dr. Maddox, unreasonably failed to take advantage of NCDOA's corrective opportunities.

Plaintiff first responds that she did report Brogden's misconduct to Warren, who plaintiff alleges supervised ten employees at the Research Station. However, the Research Station organizational chart makes clear, and plaintiff does not appear to dispute, that Warren did not have supervisory authority over either plaintiff or Brogden. Taylor 2nd Aff., Ex. 1. Rather, Warren was either plaintiff's organizational equal or inferior. Instead, as instructed, plaintiff should have reported Brogden's alleged misconduct to NCDOA human resources or to Dr. Maddox. In failing to do so, she unreasonably failed to take advantage of corrective opportunities. See, e.g., Barrett, 240 F.3d at 264-65; Dowdy v. North Carolina, 23 Fed. App'x 121, 124 (4th Cir. 2001).

Next, plaintiff argues that her fear of retaliation prevented her from reporting Brogden's alleged misconduct to the appropriate person(s). Brogden was generally well-liked at the Research Station, and plaintiff feared that her accusations would simply attract incredulity. However, the Fourth Circuit does not "recognize a nebulous 'fear of retaliation' as a basis for remaining silent." Barrett, 240 F.3d at 268. Instead, if such retaliation does occur, Title VII provides a remedy. Id. at 267. Furthermore, plaintiff's belief in the futility of reporting the alleged harassment "is not a reasonable basis for failing to take advantage of any preventative or corrective opportunities provided by the employer." Id. at 268.

For the foregoing reasons, the court finds that NCDOA has established the Faragher / Ellerth affirmative defense. Accordingly, NCDOA is entitled to summary judgment on plaintiff's Title VII claim against it.

C. Plaintiff's Remaining State Law Claims

Plaintiff's only remaining claims are against Brogden individually for battery, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. Diversity of citizenship does not exist between plaintiff and Brogden, as both are North Carolina citizens. Having fully resolved the federal claims, the court declines to exercise supplemental jurisdiction over the remaining state law claims and remands plaintiff's remaining claims against Brogden to the General Court of Justice, Superior Court Division, Wake County, North Carolina. 28 U.S.C. § 1447(c).

**CONCLUSION**

For the foregoing reasons, the court:

1. GRANTS NCDOA's motion for summary judgment (DE # 74);
2. DENIES as moot NCDOA's motion to exclude testimony (DE # 73);
3. DENIES as moot without prejudice to renewal on remand Brogden's motion for summary judgment (DE # 70);
4. DENIES as moot without prejudice to renewal on remand Brogden's motion to exclude testimony (DE # 72);
5. REMANDS plaintiff's remaining claims against Brogden to the General Court of Justice, Superior Court Division, Wake County, North Carolina;

6. DIRECTS the Clerk of Court to mail a certified copy of this order of remand to the clerk of said state court; and

7. DIRECTS the Clerk of Court to close the case.

SO ORDERED, this the 29th day of November, 2011.

LOUISE W. FLANAGAN
United States District Court Judge